UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL LOUIS RAMSEY, JR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:20-CV-485-TAV-HBG |
| SGT. KIDD, CHIEF STEVENS, CHIEF BIVENS, CHIEF PERVIS, CHIEF BRAVO, LT. SPRENG, LT. FRITZ, LT. SMITH, LT. OLDHAM, CAPT. COX, SGT. TRAVIS, SGT. PEMBERTON, CAPT. TURNER, SGT. OLDHAM, CPL. MCCOY, CPL. HARVEY, CPL. JONES, OFFICER HEMLIN, OFFICER BAKER, SGT. CLEMENT, OFFICER BEVINS, OFFICER SMITH, OFFICER LEE, CPL. MONEYMAKER, OFFICER CRAIN, OFFICER SECKMAN, MAIL ROOM OFFICER, OFFICER BARTLETT, OFFICER SACKMAN, NURSE LESLIE, NURSE HARRIS, MEDICAL SUPERVISER DACUS, PSYCHIATRIST BURNSIDE, OFFICER TRIPPETT, OFFICER WILLIAMS, OFFICER DUNCAN, CPL. SEALS, OFFICER YOKLEY, DOCK SUPERVISORS, and CPL. RICKMAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner confined in the Knox County Detention Facility, has filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 3] and a motion for leave to proceed

*in forma pauperis* [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant.

I.   **FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

3

### III. COMPLAINT ALLEGATIONS

In his complaint, Plaintiff first generally references various claims, specifically: "Violation of Rehabilitation Act. Denial of Equal Protection. Unjust Enrichment, Negligence, P.T.S.D., Cruel and Unusual Punishment, Abuse of Authority, Abuse and negligence of State and Federal Funds, Staff Misconduct, Excessive force, Brady V. Maryland, Taxes on commissary and price markup[], Price of local phone call through Securis phone system" [Doc. 3 p. 3–4]. Plaintiff then states that he is a prisoner of the Tennessee Department of Correction ("TDOC") and that when he was in TDOC custody, he paid only two dollars for a sick call, but now in the Knox County Jail he pays ten dollars for each sick call (including mental health sick calls), and five dollars per month for medications [*Id.* at 4].

Plaintiff next generally refers to "Medical Negligence, Retaliation, [and] Vulnerability to [COVID-19] (CoronaVirus)" [*Id.*]. As to COVID-19, Plaintiff states that he has witnessed violations of Center for Disease Control ("CDC") guidelines and Tennessee Emergency laws regarding this virus, including officers refusing to wear masks [*Id.*]. Plaintiff also asserts that while the jail facilities receive antibacterial hand soaps and hand sanitizer, the inmates do not, and that he was quarantined for exposure to the virus in an "unsanitized" cell that still had trash from another inmate in it [*Id.*]. Plaintiff further states that during this quarantine, he was improperly housed with another inmate who was not six feet apart from him and denied cleaning supplies [*Id.*].

4

In support of his complaint, Plaintiff attached a motion for an alternative sentence[1] in which he asserts that in July of 2020, various officers and inmate in the Knox County Jail facilities had COVID-19, that the second wave of the virus is worse, that officers are taking off their masks while working, and that he has asthma, which makes him more vulnerable to complications from the virus [*Id.* at 4, 6]. Also in this motion, among other things, Plaintiff (1) sets forth general information from the State of Tennessee, the CDC, and other sources regarding the virus and its spread in prisons; (2) specifically cites the fact that inmates are not kept six feet apart, do not have access to hand sanitizer or antiviral cleaners, and have "no, or infrequent, access to soap and water;" (3) states that the jail lacks medical equipment, including specialized medical equipment to care for inmates with severe COVID-19 infections; and (4) states that he seeks release to a transitional halfway house [*Id.* at 6–10].

Plaintiff has sued a number of jail officials and seeks monetary damages, to serve six months of his sentence in transitional housing and/or a halfway house, thirty days of drug rehabilitation at a specific place, and protection from retaliation and interference with "this investigation" [*Id.* at 5].

## IV. ANALYSIS

First, Plaintiff's conclusory naming of claims without any facts in support thereof fail to state a claim upon which relief may be granted under § 1983. *Iqbal*, 556 U.S. at

---

[1] As Plaintiff refers to himself as "defendant" and seeks an alternative sentence in this motion [Doc. 3 p. 6–10], it is apparent that he filed it in underlying state court criminal proceedings.

5

681. Further, while Plaintiff has named a number of jail officials as Defendants in this action, he does not set forth any facts from which the Court can plausibly infer that any of these Defendants were personally involved in any alleged violation of his constitutional rights such that they may be liable for any such violation under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior).

Additionally, as to Plaintiff's request for monetary damages as relief for his claims, Plaintiff does not allege any physical injury in his complaint, and prisoners cannot recover for emotional or mental injury resulting from a constitutional violation absent a prior physical injury that is more than *de minimis*. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *see also* 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). Moreover, to the extent that Plaintiff seeks early release from his sentence as relief, that request is not cognizable in this § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (providing that inmate alleging entitlement to speedier release must pursue such relief through habeas action). Also, to the extent that he seeks a transfer to a different institution, Plaintiff does not have a constitutional right to be housed in a certain facility.

6

Case 3:20-cv-00485-TAV-HBG   Document 8   Filed 04/14/21   Page 6 of 8   PageID #: 47

*Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)); *see also LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed). Moreover, Plaintiff has not sought any other type of injunctive relief for the allegations in his complaint, other than his general request that the Court to prevent retaliation for or interference with any investigation of his claims, which will not survive dismissal of those claims.

Thus, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant, and it will be **DISMISSED**.

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE